UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:18-CV-20-D

| | |
|---|---|
| ANDERSON CREEK PARTNERS, LP<br><br>Plaintiff,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | **PROTECTIVE ORDER** |

This Protective Order shall govern the use and treatment of information, documents, testimony or other tangible things produced in this action by Defendant Allied Property and Casualty Insurance Company ("Allied") or Anderson Creek Partners, LP:

1.  "Confidential Information," as used herein, means any information, in whatever form produced in connection with formal or informal discovery in this litigation that either party in good faith believes contains, reflects or concerns its trade secrets, confidential business or commercial information or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage. Confidential Information includes, but is not limited to, proprietary business information, business plans, pricing, information relating to personnel matters, and financial and other sensitive information that is not publicly available (or not publicly available in the form maintained by the party), Confidential Information may not be used or disseminated except as provided in this Protective Order. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

1

2. Either party may designate any information, document, testimony or other tangible thing that it furnishes in connection with this litigation as Confidential Information, and therefore subject to the provisions of this Protective Order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

3. Materials designated as Confidential may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

(a) the parties in this lawsuit, or their employees involved in the management of this litigation;

(b) counsel of record who represent the parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;

(c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;

(d) independent expert witnesses or consultants, including trial or jury consultants, retained by the parties in this lawsuit (*i.e.*, not employed by or similarly

affiliated with a party or an affiliated company of a party);

(e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

(f) any mediator or arbitrator selected with the consent of all parties or by the Court.

4. Confidential Information shall not be disclosed to any of the persons referred to in paragraph 3(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

5. Either party may elect that certain Confidential Information not be divulged to the persons referred to in paragraphs 3(a) or 3(c) above if it in good faith believes that its disclosure could cause commercial harm or be put to any improper use or could otherwise cause irreparable harm. Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 3(b), 3(d), 3(e) and 3(f) herein in accordance with the terms and conditions of this Protective Order. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," that party may follow the procedure set forth in paragraph 9 herein to remove such designation.

6. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed

3

under seal. The filing user shall docket the confidential material using a sealed CM/ECF event to docket it. The party filing such document shall identify it as a "proposed" seal document and describe the type of document it is (e.g. affidavit, record). The proposed sealed document is deemed to be provisionally sealed until the Court rules on the Motion to Seal, as described below.

(a) The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court

7. Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing.

8. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court.

Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

9. With respect to any Confidential Information covered by this Protective Order, the parties may at any time serve upon opposing counsel a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only." The producing party shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential-Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

10. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body, or administrative agency unless ordered by the Court.

11. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Only" within the time periods established in this Protective Order, The producing party shall properly designate such documents or information as "Confidential" or "Highly

Confidential-Attorneys & Experts Only," and the opposing party shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential–Attorneys & Experts Only" shall not be deemed a waiver, in whole or in part, of the producing party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

12. Upon termination of this action, unless otherwise ordered by the Court, the parties shall within thirty (30) days return to the producing party or destroy all materials marked "Confidential" and "Highly Confidential-Attorneys & Experts Only" (and any copies thereof). If requested, counsel for the parties shall furnish a certificate of compliance that all confidential materials produced to the parties, as well as all summaries, excerpts or copies of such materials, have been returned or destroyed.

13. If the parties receive a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, the parties shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena.

14. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

15. This Protective Order will be governed and construed in accordance with the laws of the State of North Carolina.

16. This Protective Order contains the entire agreement between the parties concerning the subject matter hereof, and no modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties.

17. Allied will produce any responsive Confidential Information following the execution of this Protective Order as soon as reasonably possible.

SO ORDERED, this the 18th day of May, 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

Seen and agreed to on this the 17th day of May, 2018.

/S/ K. MATTHEW VAUGHN (by permission)
K. Matthew Vaughn N.C. State Bar No. 20177
Stevens Martin Vaughn & Tadych, LLP
1101 Haynes St., Suite 100
Raleigh, NC 27604
Telephone: 919-582-2300
Facsimile: 919-593-7695
Email: matt@smvt.com

*Attorney for Plaintiff Anderson Creek Partners, LP*

/S/ GEMMA L. SALUTA
Gemma L. Saluta N.C. State Bar No. 37032
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336-721-3576
Facsimile: 336-726-9012
Email: gemma.saluta@wbd-us.com

Mason E. Freeman, N.C. State Bar No. 43358
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919-755-2191
Facsimile: 919-755-2150
Email: mason.freeman@wbd-us.com

*Attorneys for Defendant Allied Property and Casualty Insurance Company*

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:18-CV-20-D

| | |
|---|---|
| ANDERSON CREEK PARTNERS, LP<br><br>Plaintiff,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | **CONFIDENTIALITY AGREEMENT** |

I have read the foregoing Protective Order ("Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is an agreement designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated: _____

**Signature:** _____
**Printed Name:** _____
**Company/Affiliation:** _____
**Address:** _____
_____
_____